IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,    )
                                )
            Plaintiff,    )        8:11CR53
                                )
        v.                )
                                )
IGNACIO RUBIO HERNANDEZ,    )    MEMORANDUM OPINION
                                )
           Defendant.    )
_____)

      This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 87), application to proceed *in forma pauperis* (Filing No. 88), and application for appointment of counsel (Filing No. 89).  Defendant also submitted a memorandum of points (Filing No. 90) and an affidavit in support of his motion (Filing No. 91).

      Defendant entered a plea to Counts I and VII of a seven-count superseding indictment.  His first claim alleges ineffective assistance of counsel "for failure to challenge evidence, interview witnesses, file motions challenging or suppressing government's evidence."  A motion to suppress was filed on his behalf (Filing No. 46), but defendant entered a plea before a ruling was made on that motion.

      Defendant also alleges that defense counsel failed to file a direct appeal after sentencing.  The Court has reviewed

defendant's plea agreement (Filing No. 53) wherein it is stated
at Section VII:

> Except as provided in Section I
> above . . . the defendant hereby
> knowingly and expressly waives any
> and all rights to appeal the
> defendant's conviction and
> sentence, including any restitution
> order in this case, including a
> waiver of all motions, defenses,
> and objections which the defendant
> could assert to the charges or to
> the Court's entry of Judgment
> against the defendant, and
> including review pursuant to 18
> U.S.C. § 3742 of any sentence
> imposed.
>
> The defendant further knowingly and
> expressly waives any and all rights
> to contest the defendant's
> conviction and sentence in any
> post-conviction proceedings,
> including any proceedings under 28
> U.S.C. § 2255 except:
> 　　　　　　. . .
>
> 　(b) the right to seek post
> conviction relief based on
> ineffective assistance of counsel,
> or prosecutorial misconduct, if the
> grounds for such claim could not be
> known by the defendant at the time
> the Defendant enters the guilty
> plea contemplated by this plea
> agreement.

Inasmuch as defendant waived any right to appeal or to file a
§ 2255 motion, that claim is without merit.

Defendant also alleges that counsel was "ineffective
for misadvising movant about the plea agreement and priors,
counsel never mentioned about a sentence length if movant went to
trial and lost."  Section II of the plea agreement sets forth the

quantity of methamphetamine (50 grams actual).  Section III of

the plea agreement concerning Count I states that:

> Defendant understands that the
> crime to which defendant is
> pleading guilty carries the
> following penalties:
>
> 1.  A maximum penalty of Life in
> prison; and a mandatory minimum of
> 10 years.

Section III of the plea agreement concerning Count VII states

that:

> Defendant understands that the
> crime to which defendant is
> pleading guilty carries the
> following penalties:
>
> 1.  A maximum of 20 years in
> prison; no mandatory minimum.

The agreement as to sentencing issues was made pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(b).  Defendant cannot

now claim he was unaware of the potential penalties.  A separate

order will be entered in accordance with this memorandum opinion.

DATED this 19th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court